**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA MAURICIO,<br><br>Plaintiff,<br><br>v.<br><br>LIFETIME BRANDS, INC., *et al.*,<br><br>Defendants. | Civil Action No. 24-00911 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Lifetime Brands, Inc.'s Motion to Dismiss Plaintiff Maria Mauricio's Complaint under Federal Rule of Civil Procedure (Rule) 12(b)(6) and the Court's independent obligation to assess its subject-matter jurisdiction. (ECF No. 5.) *United States v. Port Imperial Ferry Corp.*, Civ. No. 16-2388, 2023 WL 2535302, at *4 (D.N.J. Mar. 16, 2023) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Court finds that it lacks subject-matter jurisdiction and the case shall be **REMANDED** to the Superior Court of New Jersey, Middlesex County.

**I.    BACKGROUND**

This matter arises out of Lifetime's alleged discrimination and retaliation against Plaintiff for requesting medical leave and reasonable accommodations for her medical disability. (ECF No. 1 at 6-8.) Plaintiff alleges that on January 24, 2022, she provided Lifetime with a "return to work

medical note" from Plaintiff's physician requesting "reasonable accommodations" and "certain restrictions," and on January 25, 2022, she was "terminated without reason." (*Id.*)

Plaintiff brings state law claims under the New Jersey Law Against Discrimination (NJLAD) and the "New Jersey Worker's Compensation Statute" against Lifetime, Defendant John Felix (Plaintiff's immediate supervisor), and a human resources representative whom Plaintiff identifies as Beatrice Scotti. (*Id.* at 6-7; ECF No. 17 ¶ 8.) Plaintiff filed her Complaint on January 15, 2024 in the Superior Court of New Jersey, Middlesex County. (*Id.*) On February 16, Lifetime removed the matter to this Court on the basis of diversity jurisdiction. (*Id.* at 3.) Plaintiff is a resident of New Jersey. (ECF No. 1 at 6.) Lifetime is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Garden City, New York. (*Id.* at 3.) Lifetime is therefore a citizen of Delaware and New York. 28 U.S.C. § 1332(c)(1). Neither the Complaint nor Lifetime's Notice of Removal allege the citizenship of the individual Defendants or that there is complete diversity among the parties. Instead, Lifetime alleges that upon information and belief, "no other defendants named in the Complaint have been properly joined and served." (ECF No. 1 at 3.) Lifetime also alleges that "no individual or entity whose citizenship is attributable to the Plaintiff is a citizen of the same State as an individual or entity whose citizenship is attributable to the Defendant." (*Id.*) The individual Defendants in this matter remain unserved.

The Court ordered the parties to show cause in writing as to why the case should not be remanded for lack of subject-matter jurisdiction. (ECF No. 18.) In response, Lifetime argues that this matter should not be remanded because there is no colorable ground supporting Plaintiff's claims, which are barred by the statute of limitations. (ECF No. 19 at 4-8.) Lifetime also argues that Plaintiff lacks "real intention in good faith to prosecute the action against" them, as evidenced by Plaintiff's failure to serve the individual Defendants. (*Id.*) Therefore, the individual Defendants

2

should be dismissed as fraudulently joined. (*Id.*)

Also pending before the Court is Lifetime's motion to dismiss all claims against it under Rule 12(b)(6) on the basis that Plaintiff's claims are time-barred. (ECF No. 5.) In support, Lifetime submits a letter purporting to terminate Plaintiff's employment on December 9, 2021. (ECF No. 5-2 at 14.) Lifetime contends that it sent the letter to Plaintiff via certified mail. (ECF No. 5-2 at 14.) Lifetime also submits a certified mail receipt indicating that the letter was refused by the addressee on December 13, 2021. (*Id.* at 16.) Lifetime argues that Plaintiff's claims accrued on December 9, 2021 and expired on December 8, 2023, before Plaintiff filed her Complaint on January 15, 2024. (ECF No. 5-1 at 9-10.) Plaintiff contends that she never received the letter and denies refusing the letter, so her claim did not accrue until she was notified of her termination on January 25, 2022, as alleged in her Complaint. (ECF No. 14 at 9-10.) She also advances several equitable tolling arguments, alleging that she was incapacitated in December of 2021 and that as recently as May 2023, Lifetime suggested that Plaintiff's "job was still available to her." (*Id.* at 11.)

## II.   LEGAL STANDARD

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Sci., Inc.*, 146 F. Supp. 2d 594, 603 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)). To maintain subject-matter jurisdiction over a lawsuit, the Court must either have diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. A federal district court has diversity jurisdiction over all civil actions where all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000. *See* § 1332(a).

Pursuant to 28 U.S.C. § 1447(c), if, upon motion or *sua sponte*, a district court finds that it lacks subject matter jurisdiction over a removed action, it must remand the action to state court.

*In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 409 (E.D. Pa. 2009). The removing party maintains the burden of showing the Court that it has subject-matter jurisdiction. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "The Court must also strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Entrekin*, 146 F. Supp. 2d at 604; *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) ("A district court must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.").

### III.  DISCUSSION

Lifetime, as the removing party, has the burden of establishing federal jurisdiction. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). "Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)). "Diversity of citizenship must have existed at the time the complaint was filed, and at the time of removal." *Id.* (citations omitted). An unserved defendant's citizenship must be considered for diversity purposes. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) (affirming remand where the "fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant"); *Victorin v. Jones Lang LaSalle*, Civ. No. 20-18123, 2021 WL 651200, at *6 (D.N.J. Feb. 18, 2021) (considering the unserved defendant's citizenship and finding that it destroyed complete diversity, requiring remand).

Here, neither the Complaint nor Lifetime's Notice of Removal allege the individual Defendants' citizenship. *See also Wells Fargo Bank, Nat'l Ass'n as Tr. for Holders of the Merrill Lynch Mortg. Invs. Tr. v. Dey-El*, 788 F. App'x 857, 860-61 (3d Cir. 2019) (affirming remand for

lack of subject-matter jurisdiction because neither the removing defendant nor "the complaint that she sought to remove" alleged the citizenship of the other defendants and who did not join in removal). Lifetime's allegation in its Notice of Removal that the individual Defendants have not "been properly joined and served" is insufficient to establish diversity jurisdiction. *See Janaski v. Dettore*, Civ. No. 15-00572, 2015 WL 1573670, at *1-2 (D.N.J. 2015) (rejecting the removing defendant's argument that because the non-diverse defendant "was not 'properly joined and served' . . . as of the date of removal, his citizenship should not be considered"); *Burga v. UniFirst Corp.*, Civ. No. 20-10849, 2020 WL 8452558, at *2-3 (D.N.J. Dec. 3, 2020), *report and recommendation adopted*, 2021 WL 395897 (D.N.J. Feb. 4, 2021) (rejecting the removing defendant's argument that the Court may disregard an unserved resident defendant's citizenship for diversity purposes); *Keyser v. Toyota Material Handling Northeast, Inc.*, Civ. No. 20-10584, 2020 WL 7481598, at *2-3 (D.N.J. Dec. 18, 2020) (finding that a defendant could not remove a case with an unserved nondiverse defendant based on "snap removal" under 28 U.S.C. § 1441(b) because "snap removal" only applies where diversity jurisdiction exists in the first place).

Instead, Lifetime now argues that the individual Defendants have been fraudulently joined to defeat diversity and must be dismissed. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, [a] diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer*, 913 F.2d at 111 (citations omitted). A claim is not colorable if it is "wholly insubstantial and frivolous." *Batoff*

5

*v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (citation omitted).

The removing party carries a "heavy burden of persuasion" in showing that a claim is not colorable. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021 (1988); *see also Boyer*, 913 F.2d at 111. The Court must not only assume as true all well-pleaded allegations in the Complaint, but also resolve any uncertainties as to the current state of controlling law in favor of the plaintiff. *Batoff*, 977 F.2d at 851-52 (quoting *Boyer*, 913 F.2d at 111). Thus, the Court's inquiry is "less searching than a motion for failure to state a claim," so a claim may be "colorable" for purposes of evaluating fraudulent joinder even if the claim ultimately may not withstand a motion to dismiss in state court. *See Cardillo v. Wal-Mart Stores, Inc.*, Civ. No. 14-2879, 2014 WL 7182525, at *2 (D.N.J. Dec. 16, 2014) (citing *Batoff*, 977 F.2d at 852); *see also Route 27, LLC v. Getty Petroleum Marketing, Inc.*, Civ. No. 10-3080, 2011 WL 1256618, at *8 (D.N.J. Mar. 30, 2011) (finding no fraudulent joinder despite expressing doubt that certain claims would survive "the more rigorous motion-to-dismiss standard"). Put differently, if "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (citation omitted).

Here, because Lifetime has advanced a theory of fraudulent joinder instead of alleging that the individual Defendants are diverse, the Court will assume that the individual Defendants are non-diverse pursuant to (1) the Court's obligation to "resolve[] all contested issues of substantive fact in favor of the plaintiff" on a fraudulent joinder analysis, and (2) Lifetime's burden of establishing federal jurisdiction. *Sikirica*, 416 F.3d at 219; *Boyer*, 913 F.2d at 111.

Lifetime argues that the individual Defendants were fraudulently joined because Plaintiff's claims accrued on December 9, 2021, when "Lifetime sent a letter via certified mail memorializing

6

[her] termination," and Plaintiff did not file suit within the two-year limitations periods of her claims. (ECF No. 19 at 5-10.) The Third Circuit has held that "a statute of limitations defense is properly considered in connection with a fraudulent joinder inquiry." *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009). "If a district court can discern, as a matter of law, that a cause of action is time-barred under state law, it follows that the cause fails to present even a colorable claim against the non-diverse defendant." *Briscoe*, 448 F.3d at 219 (citation omitted).

Lifetime relies on evidence outside of the pleadings—the December 9, 2021 letter and the certified mail receipt showing that the letter was "refused" on December 13. (*See* ECF No. 5-2 at 14-16.) Normally, district courts must accept any well-pleaded allegations as true when considering whether non-diverse Defendants were fraudulently joined. District courts, however, are permitted "a limited look beyond the pleadings" when considering a statute of limitations defense in connection with a fraudulent joinder inquiry. *Briscoe*, 448 F.3d at 220. "Such evidence may be found in the record from prior proceedings, which firmly establishes the accrual date for the plaintiff's claim, or in other relevant matters that are properly subject to judicial notice." *Id.* For example, in *Briscoe*, the district court was permitted to consider "evidence that was established in prior proceedings" and "facts subject to judicial notice" to determine as a matter of law that the petitioner's claims were time-barred on a fraudulent joinder analysis. *Id.* at 221.

Here, by contrast, Lifetime has not presented comparable evidence that is properly subject to judicial notice and firmly establishes the accrual date of Plaintiff's claims. Plaintiff contests ever receiving and refusing the letter, and Lifetime's evidence does not conclusively establish that Plaintiff was the individual who refused to receive the letter. (ECF No. 14 at 6-8.) Plaintiff contends that she was not terminated until January 25, 2022, and she does not concede the letter's authenticity. (*Id.*) Lifetime's evidence is not the type of factual determination made in prior judicial proceedings that the Third Circuit in *Briscoe* found sufficient to establish fraudulent

7

joinder. *See* 448 F.3d at 220-21. The question before the Court is not whether Lifetime has asserted a credible statute of limitations argument, but whether the evidence is so indisputable that the Court can "discern, as a matter of law, that [the] cause of action is time-barred" so that there is no "possibility that a state court would find that the complaint states a cause of action" against the resident Defendants. *Id.* at 219; *Boyer*, 913 F.2d at 111 (citation omitted). The Court "must resolve all contested issues of substantive fact in favor of the plaintiff," and Lifetime has not submitted evidence sufficient to overcome this presumption. *Boyer*, 913 F.2d at 111. Lifetime's argument "is better raised as a motion to dismiss for failure to state a claim, or for summary judgment because it turns upon the facts." *See Berckman v. United Parcel Serv.*, Civ. No. 07-5245, 2007 WL 4080372, at *2 (D.N.J. Nov. 14, 2017) ("Because 'fraudulent joinder' is a legal conclusion necessary to establish subject matter jurisdiction upon this removal, the [d]efendant has the burden to show that the law would not permit a recovery against [the plaintiff]."). The Court "does not predict whether . . . Plaintiff's claim against [the individual Defendants] will be meritorious" or "can survive a motion to dismiss." *Id.* Rather, the Court finds that the Complaint, on its face, is sufficient to retain the individual Defendants as parties because there is a possibility that a state court would find that the Complaint states a cause of action against them. *Id.*; *Boyer*, 913 F.2d at 111. In the event that the individual Defendants are "dismissed from this suit at some future date," the case may then "become properly removable." *Berckman*, 2007 WL 4080372, at *3.

The Court is similarly unpersuaded that Plaintiff lacks a "real intention in good faith to prosecute the action against" the individual Defendants. (ECF No. 19 at 7.) Although Plaintiff has failed to serve the individual Defendants thus far, Plaintiff has not "ignored [them] altogether." (*Id.*) In January 2024, Plaintiff's process server attempted to serve the individual Defendants at Lifetime's Robbinsville, New Jersey location but was advised that they needed to be served at the Garden City, New York location. (ECF No. 17 ¶¶ 3-4.) In February 2024, when attempting to

8

serve process in New York, Plaintiff was informed that Scotti would need to be served at the Robbinsville, New Jersey location, and that there was no individual with the name of John Felix employed by Lifetime. (*Id.* ¶¶ 8-9.) Then, on October 2, 2024, Plaintiff's process server attempted to serve Scotti at the Robbinsville, New Jersey location, but was again directed to effectuate service at the Garden City, New York location. (ECF No. 21-1 at 20.) Although Lifetime is not obligated to assist Plaintiff in effectuating service, Lifetime cannot provide Plaintiff with conflicting instructions on how to effectuate service on its employees and simultaneously argue that Plaintiff's failure shows a lack of intention to proceed against them. Lifetime has not met its burden of showing that Plaintiff has evinced a lack of "real intention in good faith to prosecute the action against" the individual Defendants in this matter. (ECF No. 19 at 7.)

Because diversity jurisdiction is lacking and Lifetime does not assert subject-matter jurisdiction on any other basis, the Court must remand this matter. *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citing 28 U.S.C. § 1447(c)); *Berckman*, 2007 WL 4080372, at *1 (considering fraudulent joinder arguments and remanding the matter for lack of diversity jurisdiction *sua sponte* "given this Court's authority to determine its own jurisdiction without necessity of formal motion practice").

IV. **CONCLUSION**

For the reasons set forth above, and other good cause shown,

**IT IS**, on this 20th day of November, 2024, **ORDERED** as follows:

1. The matter shall be **REMANDED** to the Superior Court of New Jersey, Middlesex County. The Clerk's Office is directed to transmit to the Clerk of the Superior Court a letter enclosing a certified copy of this Memorandum Order.

2. The Clerk's Office is directed to **TERMINATE** the motion pending at ECF No. 5 and **CLOSE** this case.

*[signature]*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE